UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK ROBINSON,

    Applicant,

v.                                        CASE NO. 8:22-cv-629-SDM-NHA

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

Robinson applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for first-degree murder and attempted first-degree murder. Robinson is imprisoned for life. The respondent moves (Doc. 5) to dismiss the application as time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Robinson's convictions became final on January 9, 2020.[1] Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later. Robinson let 76 days elapse before he moved under Rule 3.850 for post-conviction relief on March 26, 2020. (Respondent's Exhibit 8 at 1) This filing stopped the clock. The post-conviction court denied relief, and the time to appeal expired on May 25, 2020. (Respondent's Exhibit 9) On June 9, 2020, Robinson filed a petition for belated appeal. (Respondent's Exhibit 14) The petition alleged that on May 12, 2020, Robinson provided a notice of appeal to prison officials for mailing, but the notice was returned to sender because the officials failed to affix postage to the envelope.[2] (Respondent's Exhibit 14 at 1) Robinson attached a copy of the envelope, which contained a stamp stating that the envelope was "provided to Sumter Correctional Institution" on May 12, 2020. (Respondent's Exhibit 14 at 2) The appellate court granted the petition for belated appeal. (Respondent's Exhibit 11)

Under the prison mailbox rule, Robinson's notice of appeal is "deemed filed" on May 12, 2020, even though the notice was "never received or filed by the court." *Gracey v. United States*, 131 F. App'x 180, 181 (11th Cir. 2005); *see also Lawson v. State*,

---

[1] Robinson's direct appeal concluded on October 11, 2019. (Respondent's Exhibit 6) The convictions became final after 90 days, the time allowed for petitioning for the writ of certiorari. 28 U.S.C. § 2244(d)(1)(A); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

[2] The Florida Department of Corrections "shall furnish postage" for "inmates who have insufficient funds to cover the cost of mailing . . . documents at the time the mail is submitted to the mailroom." Fla. Admin. Code Ann. r. 33-210.102(10)(a). "Submission of unstamped legal mail to the mailroom . . . by an inmate without sufficient funds shall be deemed to constitute the inmate's request for the institution to provide postage." Fla. Admin. Code Ann. r. 33-210.102(10)(a).

107 So. 3d 1228, 1229 (Fla. 2d DCA 2013) (applying the prison mailbox rule to a motion that was "provided . . . to prison officials for mailing" but never "reached the office of the circuit court clerk"). Thus, Robinson timely appealed the denial of his Rule 3.850 motion. As a result, the limitation was tolled between March 26, 2020 (the date Robinson filed his Rule 3.850 motion) and June 2, 2021 (the date the mandate issued). *See Diaz-Diaz v. Sec'y, Dep't of Corr.*, 2020 WL 1820507, at *1 n.1 (M.D. Fla. Apr. 10, 2020) (limitation remained tolled even though the state court "never received" the petitioner's notice of appeal because the notice was "considered timely filed on . . . the day on which he provided [the notice] to prison officials for mailing").

When the clock resumed, Robinson had 289 days remaining (365 – 76 = 289). Therefore, his federal deadline was March 21, 2022. Robinson filed his application on March 18, 2022, three days before the deadline. (Doc. 1) Consequently, the application is timely.

The respondent's motion to dismiss (Doc. 5) is **DENIED**. The clerk must **LIFT** the stay and **RE-OPEN** this action. Not later than **SIXTY DAYS** after the date of this order, the respondent must file an amended response to the timely application. Robinson has **THIRTY DAYS** to reply.

ORDERED in Tampa, Florida, on September 16, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE